13504.   JOHNSON v. TURNER.

STEPHENS, J.   1.   .Where a promissory note contains a provision that, upon default in payment upon maturity of some other particularly described note executed by the maker to the payee, it shall become due and collectible prior to its date of maturity as expressed on the face of the note, the right of the holder to accelerate its maturity, and therefore bring suit thereon upon the nonpayment at maturity of the other note, arises out of the note containing such provision, and not out of the note in default.  The right of such holder to accelerate the maturity of his note upon default of the other note is therefore not dependent upon his being the owner or holder of the latter note.

2. In a suit upon the first-mentioned note, by the holder thereof, instituted before the date of maturity as expressed on its face, it is unnecessary for the petition to allege that the plaintiff is the owner or holder of the other note, the default of which accelerated the maturity of the note sued on, and the failure of the petition so to allege furnishes no ground for demurrer.

*Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 21, 1923.

Complaint; from city court of Leesburg—Judge Martin.   February 13, 1922.

*W. W. Dykes,* for plaintiff in error.

*Robert R. Forrester, John A. Fort,* contra.